UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Luis V.,

Petitioner,

v.

Todd Blanche, Attorney General; Markwayne Mullin, Secretary, Department of Homeland Security; David Venturella, Acting Director, Immigration and Customs Enforcement; and David Easterwood, Acting Director, St. Paul Field Office Immigration and Customs Enforcement,

Respondents.

Civ. No. 26-3897 (PAM/DTS)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Petitioner Luis V.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ("Pet." (Docket No. 1.) Petitioner challenges his immigration detention pending removal. For the following reasons, the Court denies the Petition.

**BACKGROUND**

Petitioner is a citizen of Ecuador, who entered the United States at an unknown date and time in 2019. (Pet. (Docket No. 1) ¶ 7; Decl. of Levi Lockman (Docket No. 6) ¶ 4.) On September 6, 2019, Customs and Border Patrol encountered Petitioner near Lukeville, Arizona. (Lockman Decl. ¶ 5.) On September 19, 2019, Immigration and Customs Enforcement ("ICE") issued a Notice to Appear in Removal Proceedings, charging him as an inadmissible alien who has not been admitted or paroled into the United States.

(Lockman Decl. ¶ 6, Ex. D.) ICE subsequently released Petitioner on parole. (Id. Ex. E.) In 2020, Petitioner applied for asylum and he indicates that he continues to seek asylum, but Department of Homeland Security records indicate that the status of the application is unknown. (Pet. ¶ 26; Lockman Decl. Ex. A. at 3.)

Petitioner incurred misdemeanor convictions for driving without a license in both 2021 and 2022 and another conviction for deviating from a duty to drive with due care in 2022. Minnesota v. Villa Mainato, No. 30-VB-21-2339 (Minn. Dist. Ct. Jan. 5, 2022); Minnesota v. Villa Mainato, No. 27-VB-22-176151 (Minn. Dist. Ct. Oct. 13, 2022). Local law enforcement arrested Petitioner on August 22, 2026, on suspicion of driving under the influence, among other violations, and brought him to the Anoka County Jail. (Pet. ¶ 20.) Petitioner was subsequently charged in Anoka County with driving under the influence of alcohol, failure to submit to a chemical test, and an open container violation. (Id.; Lockman Decl. Ex. A. at 2.) These charges remain pending. (Id.)

An Immigration and Customs Enforcement ("ICE") officer encountered Petitioner at the Anoka County Jail on August 22, 2026. (Lockman Decl. Ex. A at 2.) The officer confirmed that Petitioner was an inadmissible alien, and issued a Form I-247A, Immigration Detainer, lodging it against the Anoka County Jail. (Id. Ex. B at 1.) That same day, ICE issued a Form I-200, Warrant for Arrest of Alien. (Id. Ex. C at 1.) ICE served the warrant on Petitioner on August 24, 2026, and transported Petitioner to the Sherburne County Jail in Elk River, Minnesota, where he remains. (Pet. ¶ 27; Lockman Decl. ¶ 10, Ex. C at 1.)

**DISCUSSION**

"A writ of habeas corpus enables a person detained by the government to challenge the legality of his confinement and, if successful, obtain his release." Abdulkadir A. v. Sessions, Civ. No. 18-2353, 2018 WL 7048363, at *2 (D. Minn. Nov. 13, 2018) (Bowbeer, M.J.) (citing Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)), R. & R. adopted, 2019 WL 201761 (D. Minn. Jan. 15, 2019) (Brasel, J.). Petitioner asks the Court to order his immediate release or grant him an individualized bond hearing under 8 U.S.C. § 1226(a), and alleges Respondents violated Petitioner's constitutional rights and the Accardi doctrine. Respondents contend that his detention is mandatory pending removal proceedings under § 1225(b)(2). The Court must therefore decide whether § 1225(b)(2) or § 1226(a) governs Petitioner's detention.

**A. Petitioner's Detention is Mandatory**

Petitioner's detention is mandatory under § 1225(b)(2). "8 U.S.C. § 1225(b)(2)(A) . . . authorizes detention for an alien who is an applicant for admission, if . . . an alien seeking admission is not clearly and beyond a doubt entitled to be admitted." Avila v. Bondi, 170 F.4th 1128, 1132 (8th Cir. 2026) (internal quotation marks omitted). Petitioner presents no evidence that he is not an "applicant for admission" or that he is clearly entitled to stay in the United States. See 8 U.S.C. § 1225(b)(2)(A). The record is clear that Petitioner was detained upon his entry into Arizona and processed for removal as an inadmissible alien present in the United States who has not been admitted or paroled. Petitioner provides no facts demonstrating that anything has altered the Department of Homeland Security's initial determination. His detention is thus mandatory.

Petitioner contends that Respondents are detaining him pursuant to § 1226(a), because § 1226(a) states that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." (See Pet. ¶ 63.) However, § 1225(b)(2)(A) also provides the Government with authority to detain aliens through the duration of their removal proceedings. See Jennings v. Rodriguez, 583 U.S. 281, 302 (2018) ("In sum, §§ 1225(b)(1) and (b)(2) mandate detention of aliens throughout the completion of applicable proceedings."). Petitioner's argument fails to carry the day.

In his reply memorandum, Petitioner further argues that because the Form I-200, Warrant for Arrest of Alien references Section 236 of the Immigration and Nationality Act ("INA"), his detention must therefore fall under § 1226. (See Lockman Decl. Ex. C at 1 (indicating that "[a]ny immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act [INA] and part 287 of title 8, Code of Federal Regulations" may "serve warrants of arrest for immigration violations").) The language to which Petitioner refers merely indicates which immigration officers may conduct an arrest, not that an arrest is pursuant to § 1226. Thus, the Court rejects Petitioner's argument.

Also in his reply memorandum, Petitioner argues that he cannot be detained under § 1225 because he was previously released under an Order of Release on Recognizance indicating that Respondents derived their authority under § 1226. Section 1226(a) authorizes the Attorney General to arrest or detain any alien pending removal proceedings but provides that the Attorney General also "may release the alien" on bond or conditional parole and revoke such release "at any time" and "rearrest the alien under the original warrant," and detain him. 8 U.S.C. § 1226(a)(2), (b). Nowhere does § 1226 mandate that

an alien released under § 1226 must be re-arrested pursuant to § 1226. Moreover, Petitioner cannot overcome that he is not an applicant for admission subject to mandatory detention under § 1225(b)(2), as described above. Contrary to Petitioner's assertion, his release on conditional parole did not change the fact that he has not been lawfully admitted. Indeed, he fails to provide any authority for this position. He has never been lawfully admitted to the United States; rather, he was deemed inadmissible from the outset and that determination has not changed.

**B. Petitioner's Constitutional Claims Lack Merit**

Petitioner's Fourth Amendment claims are unavailing, because Petitioner's arrest was lawful and mandated by statute. Section 1225(b) makes no mention of a warrant requirement. Regardless, Respondents issued an I-200 Warrant for Petitioner's arrest on August 22, 2026, and served it on him the day that he was taken into their custody. (Lockman Decl. Ex. A at 2.) Even if Petitioner is correct that the warrant was not served on him until he had been in Respondents' custody for 19 hours, that timing is of no consequence. (Pet. ¶ 24.) The warrant issued before it was served, which is all the law requires. See Rey A. v. Blanche, Civ. No. 26-2287, 2026 WL 1678230, at *4 (D. Minn. May 29, 2026) (Docherty, M.J.), R. & R. adopted, Rey A. A. F. v. Blanche, Civ. No. 26-2287, 2026 WL 1683219 (D. Minn. June 10, 2026) (Brasel, J.) ("[T]he Fourth Amendment speaks of the issuance of warrants, not of the service of warrants.").

Petitioner's Fifth Amendment claims also fail. He alleges that Respondents violated his due process rights under the Fifth Amendment and argues that he is entitled to an individualized assessment regarding his detention. The Eighth Circuit has determined that

"Zadvydas and Demore have already done whatever balancing is necessary" for detainment decisions. Banyee v. Garland, 115 F.4th 928, 933 (8th Cir. 2024). "The government can detain an alien for as long as deportation proceedings are still 'pending.'" Id. (quoting Demore, 538 U.S. at 527). Petitioner is not entitled to due process beyond what the statute describes. His due process arguments are foreclosed by Avila and he received the process he is due.

## C. Petitioner's Accardi Claim Fails

Finally, Petitioner's Accardi claims fare no better. See Accardi v. Shaughnessy, 347 U.S. 260 (1954). His arguments as to a warrantless arrest miss the mark because Respondents had an I-200, Warrant for Arrest of Alien. His additional claim that Respondents violated 8 C.F.R. § 236.1(c)(9) because his Order of Release on Recognizance was not revoked is likewise misplaced. Before his release in 2019, Petitioner signed an acknowledgement that violating the conditions of release could result in revoking his release "without further notice." (Lockman Decl. Ex. E.) One of those conditions was to "not violate any local, State, or Federal laws or ordinances." (Id.) There is no doubt that Petitioner violated this condition of his release through his misdemeanor convictions and pending charges for driving under the influence of alcohol, failure to submit to a chemical test, and an open container violation. Respondents lawfully returned him to their custody after he violated the terms of his release.

The Court concludes that Petitioner is not entitled to the habeas relief that he seeks, and thus denies his Petition.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) is **DENIED**; and

2. This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 24, 2026

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge